No. 3472.

(Court of Appeal, Parish of Orleans.)

SUCCESSION OF PAUL FOURNIER.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division C.

Omer Villere, testamentary executor.

A. J. Villere, for appellant.

Chas. F. Claiborne, for opponent, appellee.

DUFOUR, J.   Jules Sauville opposes the account herein and asks to be placed thereon for the sum of $694.00 for nursing the deceased in his last illness, and for board and lodging furnished him.

From a judgment allowing opponent $250.00, the executor has appealed, and the opponent has answered by asking for the full amount claimed.

Dr. Fourguette, who attended Fournier, states that, from his observation, the opponent's wife nursed the deceased carefully and properly.   The opponent also at times watched and nursed.

For a while, Fournier gave the Sauvilles ten dollars a week, but we are unable to conclude from the evidence as a whole that this amount was contracted for all services rendered.   This is particularly likely because no sum was mentioned at first, and when Sauville told Fournier the amount was not sufficient, the latter said "I have no money, I will give you a good recompense when I feel better."

Opponent's testimony to the foregoing effect is corroborated by a friend of the deceased, a witness for the executor.

Considering that the deceased was uncleanly and that he required frequent washing, that the linen and bed clothes furnished by opponent were also frequently washed, that during one hundred and six days and also for twenty six nights in the last stage of the illness, Mrs. Sauville devoted much time to nursing and watching the deceased, and that he had promised to recompense her, we do not feel warranted in deciding that the sum allowed in lump by the District Judge is either excessive or inadequate.   The fact that we might have given a few dollars more or less in a matter of quantum meruit which is at most and at best an approximation, does not warrant the disturbance of the judgment.

We think that the compensation for the unpaid balance on the board and lodging, and for the other services rendered does substantial justice, and we do not deem it necessary to state anything more than our conclusions of fact.

Judgment affirmed.